# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4613 | **DATE** | July 3, 2013 |
| **CASE TITLE** | Carl York (K-50291) v. Tom Dart | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* ("IFP") application [3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to deduct $2.00 from Plaintiff's trust fund account as an initial partial filing fee and to continue making deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at East Moline Correctional Center. Plaintiff may proceed with his complaint against Cook County Sheriff Tom Dart. Plaintiff's motion for attorney representation [4] is denied without prejudice.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

Plaintiff, Carl York, currently confined at East Moline Correctional Center, has filed this 42 U.S.C. § 1983 action against Cook County Sheriff Tom Dart. Plaintiff alleges that, during his confinement at the Cook County Jail from 2/12/13 to 2/14/13 and from 4/20/13 to 4/26/13, he endured adverse conditions, including extremely cold temperatures, no running water, no electricity, no toilet paper, no air (presumably he means that there was no ventilation), and an infestation of rodents and insects.

Plaintiff seeks leave to proceed *in forma pauperis* ("IFP"), as well as the appointment of counsel. The court grants Plaintiff's IFP motion and assesses an initial partial filing fee of $2.00. The trust fund officer at Plaintiff's place of confinement is directed to collect the initial partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. This payment obligation will follow Plaintiff in the event he is transferred.

The court has conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A. The above described allegations state colorable claims against Tom Dart. *See Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1996).

The Clerk shall issue summons for service of the complaint on Cook County Sheriff Tom Dart. The United States Marshals Service is appointed to serve Dart. If the Marshal needs completed service forms from Plaintiff in order to serve Dart, the Marshal shall send Plaintiff such forms, and Plaintiff will be expected to return the forms to the Marshall if he wishes to proceed with .this case. The U.S. Marshal is directed to make all reasonable efforts to serve Dart. The Marshal is authorized to mail a request for waiver of service to Defendant Dart in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If a waiver of service is not obtained, the Marshal shall then attempt personal

| STATEMENT |
|---|

service.

      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, he must send an exact copy of any filing to Defendant, or his attorney if one has entered an appearance on his behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

      Plaintiff's motion for attorney representation is denied without prejudice. Currently, neither the issues nor the discovery of this case are complex. Also, though Plaintiff describes his claims in only a few short sentences, he sufficiently sets forth his claims and attaches a number of exhibits to support them. Plaintiff appears to be competent to represent himself at this stage of the case. Counsel is not warranted at this time. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010); *Pruitt v. Mote*, 503 F.3d 647, 655-57 (7th Cir. 2007).